1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10                            WESTERN DIVISION

11   BRENDA BELDEROL, an individual,        Case No.  CV13-05440-SJO
                                            (MANx)
12              Plaintiff,

13         v.                               **PROTECTIVE ORDER
                                            ENTERED PURSUANT TO THE
14   GLOBAL TEL*LINK, and DOES 1            PARTIES' STIPULATION**
     through 20, inclusive,
15
                Defendants.
16
     GLOBAL TEL*LINK,
17
                Counter-Plaintiff/Defendant,
18
           v.
19
     BRENDA BELDEROL, an individual,
20
                Counter-Defendant/Plaintiff.
21

22         Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the

23   parties' Stipulated Protective Order ("Stipulation") filed on September 23, 2013, the

24   terms of the protective order to which the parties have agreed are adopted as a

25   protective order of this Court (which generally shall govern the pretrial phase of this

26   action) except to the extent, as set forth below, that those terms have been

27   substantively modified by the Court's amendment of paragraphs 2, 3(a)(vii), and 4 of,

28   and Exhibit A to, the Stipulation.

                                            1

1   The parties are expressly cautioned that the designation of any information,

2   document, or thing as Confidential, Highly Confidential – Attorney's Eyes Only, or

3   other designation(s) used by the parties, does not, in and of itself, create any

4   entitlement to file such information, document, or thing, in whole or in part, under

5   seal.  Accordingly, reference to this Protective Order or to the parties' designation of

6   any information, document, or thing as Confidential, Highly Confidential – Attorney's

7   Eyes Only, or other designation(s) used by the parties, is wholly insufficient to

8   warrant a filing under seal.

9   There is a strong presumption that the public has a right of access to judicial

10   proceedings and records in civil cases.  In connection with non-dispositive motions,

11   good cause must be shown to support a filing under seal.  The parties' mere

12   designation of any information, document, or thing as Confidential, Highly

13   Confidential – Attorney's Eyes Only, or other designation(s) used by parties, does not

14   -- **without the submission of competent evidence, in the form of a declaration or**

15   **declarations, establishing that the material sought to be filed under seal qualifies**

16   **as confidential, privileged, or otherwise protectable** -- constitute good cause.

17   Further, if sealing is requested in connection with a dispositive motion or trial,

18   then compelling reasons, as opposed to good cause, for the sealing must be shown,

19   and the relief sought shall be narrowly tailored to serve the specific interest to be

20   protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir.

21   2010).  For each item or type of information, document, or thing sought to be filed or

22   introduced under seal in connection with a dispositive motion or trial, the party

23   seeking protection must articulate compelling reasons, supported by specific facts and

24   legal justification, for the requested sealing order.  **Again, competent evidence**

25   **supporting the application to file documents under seal must be provided by**

26   **declaration.**

27   Any document that is not confidential, privileged, or otherwise protectable in its

28   entirety will not be filed under seal if the confidential portions can be redacted.  If

2

1   documents can be redacted, then a redacted version for public viewing, omitting only

2   the confidential, privileged, or otherwise protectable portions of the document, shall

3   be filed.  Any application that seeks to file documents under seal in their entirety

4   should include an explanation of why redaction is not feasible.

5          Notwithstanding any other provision of this Protective Order, in the event that

6   this case proceeds to trial, all information, documents, and things discussed or

7   introduced into evidence at trial will become public and available to all members of

8   the public, including the press, unless sufficient cause is shown in advance of trial to

9   proceed otherwise.

10         **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT**

11   **IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE S.**

12   **JAMES OTERO, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE**

13   **APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

14

15                       **TERMS OF PROTECTIVE ORDER**

16         1.      Belderol and GTL may provide to the other party certain confidential

17   documents and information that have been or will be designated as "**Confidential**" or

18   "**Highly Confidential – Attorney's Eyes Only ('AEO').**"  Such documents or

19   information shall consist of trade secrets, proprietary information and other

20   confidential business information, and/or private and confidential employment

21   information, including third party personnel information, whether it be a document,

22   information contained in any document (including written discovery responses), or

23   information revealed during a deposition.  A designation of **"Highly Confidential –**

24   **AEO"** refers to those items or information that are extremely sensitive and whose

25   disclosure to another party or non-party would create a substantial risk of serious harm

26   that could not be avoided by less restrictive means.  This includes, but is not limited

27   to, information Belderol did not know or have access to during her employment with

28   GTL.

                                            3

2.      The above-described documents and information pertaining to confidential information that are produced or revealed in this action shall be deemed Confidential or **Highly** Confidential - AEO subject to the terms of this **Protective Order**.

3.      Confidential documents and information may be used solely for purposes of this litigation.  All such confidential information or any information derived therefrom shall not be disclosed, distributed, or shown by Belderol or GTL, or their respective counsel, to any natural person, corporation, union, partnership, firm, entity, or association whatsoever, except to:

a.      Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information designated "Confidential" only to:

i.      The named plaintiff, Brenda Belderol (if the receiving party is plaintiff's counsel);

ii.      Any counsel who have filed appearances on behalf of a party to the above-captioned action;

iii.      Employees of such counsel (such as secretaries, clerks, paralegals, or associates) who have direct responsibility for assisting such counsel in the preparation and trial of the above-captioned action;

iv.      Officers, directors, or employees of GTL (including in-house counsel) to the extent necessary for their participation in the above-captioned action;

v.      Experts of a party who have direct responsibility for assisting counsel in the preparation and trial of the above-captioned action;

vi.      Court reporters transcribing depositions in the above-captioned action;

vii.      Any witness or potential witness in the action **or** at **a** deposition who testifies regarding confidential information, or necessitates reviewing the

confidential information (provided that the witnesses do not retain copies of any confidential documents or information). Pages of transcribed deposition testimony or exhibits to depositions that reveal protected material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this **Protective Order**.

> viii. Any jury in the action;

> ix. The trial or appellate courts and their respective staffs;

> x. Any appropriate state or federal agency; and

> xi. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

b. Disclosure of "Highly Confidential – Attorney's Eyes Only" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "Highly Confidential – AEO" only to:

> i. Any counsel who have filed appearances on behalf of a party to the above-captioned action;

> ii. Employees of such counsel (such as secretaries, clerks, paralegals, or associates) who have direct responsibility for assisting such counsel in the preparation and trial of the above-captioned action;

> iii. GTL's general counsel as well as employees of GTL's general counsel who have direct responsibility for assisting such counsel;

> v. Experts of a party who have direct responsibility for assisting counsel in the preparation and trial of the above-captioned action;

> vi. Court reporters transcribing depositions in the above-captioned action;

> vii. Any witness or potential witness in the action, at deposition or otherwise, who testifies regarding confidential information, or necessitates

reviewing the confidential information (provided that the witnesses do not retain copies of any confidential documents or information).  Pages of transcribed deposition testimony or exhibits to depositions that reveal protected material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this **Protective Order**.

        viii.    Any jury in the action;

        ix.    The trial or appellate courts and their respective staffs;

        x.    Any appropriate state or federal agency; and

        xi.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.      The persons listed in Paragraph 3, **with the exception of those persons listed in viii-xi,** are bound by the terms of this **Protective Order**.  Any person described in Paragraphs 3(a)(v)-(vii) or 3(b)(v)-(vii) above to whom such confidential information contained therein or derived therefrom is disclosed shall be given a copy of this **Protective Order** and shall sign a statement (attached at "Exhibit A") **agreeing to be bound by this Protective Order and subject to its provisions** prior to any disclosure to such person of such confidential documents or the confidential information contained therein, unless otherwise agreed by the designating party or ordered by the Court.

5.      Within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, each party herein shall return to every other party or witness all confidential information and any copies thereof subject to this **Protective Order**.  This material shall be delivered in sealed envelopes marked, "Confidential," to respective counsel.  Alternatively, after conferring with the party who produced the document, the recipient shall destroy all such materials and confirm in writing that all such materials have been destroyed.

6.      Without written permission from the designating party or a **C**ourt order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any information that has been marked "Confidential."  A party that seeks to file any information that has been marked "Confidential" by another party or third-party must comply with Civil Local Rule 79-5 and Judge Otero's Standing Order and request that **the** information **be filed** under seal.  Information that has been marked "Confidential" may only be filed under seal pursuant to a **C**ourt order authorizing the sealing of the specific confidential material at issue.  Pursuant to Section 26 of Judge Otero's Standing Order, a sealing order will issue only upon an application establishing that good cause (in the case of a non-dispositive motion) or compelling reasons (in the case of a case-dispositive motion) exist to seal a particular document or piece of information that has been marked "Confidential."  If the request of any party to file information that has been marked "Confidential" under seal is denied by the **C**ourt, then the party may re-file the information in the public record pursuant to Judge Otero's Standing Order, unless otherwise instructed by the **C**ourt.

7.      Nothing in this **Protective Order** shall prevent the parties from entering into further or additional confidentiality agreements.

8.      Nothing in this **Protective Order** abridges the right of any person to seek its modification by the **C**ourt in the future.

9.      By **having** stipulat**ed** to the entry of this **Protective Order,** no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this **Protective Order**.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this **Protective Order**.

10.      Except as otherwise provided in this **Protective Order**, or as otherwise stipulated or ordered, documents produced that qualify for protection under this **Protective Order** must be clearly so designated before the material is disclosed or

1    produced.

2           Designation in conformity with **Protective Order** requires:

3           (a)  for information in documentary form (*e.g.*, paper or electronic documents,

4    but excluding transcripts of depositions or other pretrial or trial proceedings), that the

5    producing party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

6    – AEO" to each page that contains protected material.  If only a portion or portions of

7    the material on a page qualifies for protection, the producing party also must clearly

8    identify the protected portion(s) (*e.g.*, by making appropriate markings in the

9    margins).

10          A party or non-party that makes original documents or materials available for

11   inspection, as opposed to production, need not designate them for protection until after

12   the inspecting party has indicated which material it would like copied and produced.

13   During the inspection and before the designation, all of the material made available

14   for inspection shall be deemed "HIGHLY CONFIDENTIAL - AEO."  After the

15   inspecting party has identified the documents it wants copied and produced, the

16   producing party must determine which documents, or portions thereof, qualify for

17   protection under this **Protective Order**.  Then, before producing the specified

18   documents, the producing party must affix the "CONFIDENTIAL" or "HIGHLY

19   CONFIDENTIAL – AEO" legend to each page that contains protected material.  If

20   only a portion or portions of the material on a page qualifies for protection, the

21   producing party also must clearly identify the protected portion(s) (*e.g.*, by making

22   appropriate markings in the margins).

23          (b)  for testimony given in deposition, that the designating party identifies on

24   the record, before the close of the deposition, hearing, or other proceeding, all

25   protected testimony.

26          (c)  for information produced in some form other than documentary and for any

27   other tangible items, that the producing party affix in a prominent place on the exterior

28   of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

11.    If any party believes that any information or documents have been inappropriately designated by another party or witness as subject to this **Protective Order**, the party shall, in writing, inform counsel for the party claiming the protected status.  If the parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Failure by the designating party to make such a motion, including the required declaration within 21 days (or 14 days, if applicable), shall automatically waive the confidentiality designation for each challenged designation, unless otherwise agreed by the parties.  In addition, the party challenging a designation may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this paragraph must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this paragraph. Nothing in this paragraph prevents the parties from agreeing to address all unresolved designation concerns at one time in consolidated motions to retain confidentiality. Further, the parties agree the prevailing party in any challenge litigated pursuant to this paragraph will be entitled to recover reasonable costs and attorneys' fees, subject to Court approval.

12.    If it comes to the producing party's attention that information or items that it designated for protection do not qualify for protection, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

13.    If a party inadvertently or unintentionally fails to designate a confidential

9

document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" when producing or otherwise disclosing the document or information, such failure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality.  On discovery of such inadvertent or unintentional failure to designate, the producing party shall notify the receiving party of such failure immediately.  As soon as the receiving party has received notice, the information must be treated as if it had been timely designated with the appropriate confidentiality designation under this **Protective Order**.  Should any confidential information be disclosed, through inadvertence or otherwise by the receiving party to any person or party not authorized under this **Protective Order**, then the receiving party shall (a) use its best efforts to obtain all hard copies and electronic copies of the document that it distributed or disclosed to persons not authorized to access such information, as well as any hard copies and electronic copies made by such persons; (b) use its best efforts to inform and bind such person to the terms of this **Protective Order**; (c) promptly notify the producing party of the identity of such person; (d) provide such person with a copy of this **Protective Order** and, as applicable, Exhibit A for the person's signature; and (e) retain a copy of the signed Exhibit A, as applicable.

14.     Nothing in this **Protective Order** abridges or impacts any party's right to use its own information, not received by another party or third-party,  in any way it deems reasonable, necessary, or advisable.

IT IS SO ORDERED.

Dated:  October 22, 2013

_Margaret A. Nagle_

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRENDA BELDEROL, an individual, Plaintiff, v. GLOBAL TEL*LINK, and DOES 1 through 20, inclusive, Defendants. | Case No. CV13-05440-SJO (MANx) **EXHIBIT "A" ACKNOWLEDGEMENT AND NON-DISCLOSURE AGREEMENT** |
| GLOBAL TEL*LINK, Counter-Plaintiff/Defendant, v. BRENDA BELDEROL, an individual, Counter-Defendant/Plaintiff. | |

1.     I have read and received a copy of the **Protective Order** applicable to Civil Action No. CV13-5440 SJO (MANx); *Brenda Belderol v. Global Tel*Link*; in the United States District Court for the Central District of California, Los Angeles Division.

2.     I acknowledge receipt of materials designated "CONFIDENTIAL" or "**HIGHLY** CONFIDENTIAL – AEO" (hereinafter "Confidential Information").

3.     I understand the terms of the **Protective Order** and agree to be fully bound by them.  I understand, in particular, that any Confidential Information, and any copies, excerpts, or summaries thereof and materials containing Confidential Information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation, and may not be shared with any individual not authorized to have access to the

11

1  Confidential Information as set forth in the Protective Order, and may not be used for

2  any other purpose, including without limitation, any business or commercial purpose.

3      4.     I agree that during the pendency and after the final termination of this

4  action and any related proceedings, I will hold in confidence and not disclose to

5  anyone not qualified under the Protective Order any material disclosed to me.

6      5.     I further understand that failure to abide fully by the terms of the

7  Protective Order may subject me to sanctions for contempt of court and possibly civil

8  liability for damages and other relief arising therefrom.

9      6.     I hereby submit to the jurisdiction of the United States District Court for

10  the Central District of California, Los Angeles Division for purposes of any

11  proceeding relating to the enforcement of the Protective Order, including any

12  proceeding related to contempt of court.

13      7.     Notwithstanding the foregoing, nothing in this Acknowledgment and

14  Agreement of Non-Disclosure shall prohibit me or any party from complying with any

15  local, state, administrative or federal law or court order.

16      Executed this _____ day of _____, 2013 at

17  _____ (Location).

18

19  _____
    Printed Name

20

21  _____
    Signature

22

23

24

25

26

27

28